IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-271-BO

| | |
|---|---|
| TINA M. RAYNOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security,* ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on March 27, 2015, at Raleigh, North Carolina.[1] For the reasons discussed below, this matter is remanded to Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed for DIB and SSI on November 24, 2010, alleging disability since January 1, 2009. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

---

[1] Counsel for the Acting Commissioner appeared via video-conference.

# DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's chronic obstructive pulmonary disease (COPD), epilepsy, asthma, personality disorders, bipolar disorder, anxiety disorder, and migraine headaches were considered severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. After considering the entire record, the ALJ concluded that plaintiff could perform a full range of work at all exertional levels but with numerous non-exertional limitations. The ALJ found that plaintiff could not return to her past relevant work but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled.

3

Plaintiff seeks remand based on, *inter alia*, the ALJ's failure to provide the vocational expert in this matter with a proper hypothetical. At the hearing before the undersigned, plaintiff relied on a recent published opinion from the court of appeals, *Mascio v. Colvin*, __ F.3d __, 2015WL1219530 (4th Cir. March 18, 2015). In *Mascio*, the court of appeals held that

> an ALJ does not account "for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir.2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

*Mascio v. Colvin*, No. 13-2088, 2015 WL 1219530, at *5 (4th Cir. Mar. 18, 2015). Here, the record demonstrates that plaintiff had limitations in concentration, persistence, and pace. Tr.101; 115. Plaintiff was found to be moderately limited in her ability to carry out detailed instructions, her ability to maintain attention and concentration for extended periods, and her ability to perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 101. In the hypothetical posed to the vocational expert (VE) in this matter, the ALJ did not pose any limitations related to concentration and persistence other than limiting plaintiff to simple, routine tasks. Tr. 65-66. In his decision, the ALJ limited plaintiff to work with simple instructions and work-related decisions as well as no fast-paced production.

In light of the Fourth Circuit's holding in *Mascio*, the Court finds that remand is appropriate in this instance to allow the ALJ to properly account for plaintiff's limitations in concentration and persistence.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 14] is GRANTED and defendant's motion for judgment on the pleadings [DE 16] is DENIED. The

4

decision of the ALJ is REMANDED to the Acting Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this __6__ day of April, 2015.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE